UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                                        Chapter 7

     DIANE H. KENNEDY,                        Bankruptcy Court
                                                              Case No. 07-35532 (CGM)

              Debtor.

DAIMLERCHRYSLER FINANCIAL                                     District Court Civil Docket
SERVICES AMERICAS LLC,                                        Case No. 08-cv-03414 (CLB)

              Appellant,

   -against-

DIANE H. KENNEDY,

              Appellee.

# BRIEF OF APPELLANT, DAIMLERCHRYSLER
# FINANCIAL SERVICES AMERICAS LLC

**Deily, Mooney & Glastetter, LLP**
**Attorneys for DaimlerChrysler Financial**
**Services Americas LLC**
**8 Thurlow Terrace**
**Albany, New York  12203**
**Ph.   (518) 436-0344**
**Fax  (518) 436-8273**

# TABLE OF CONTENTS

Page

STATEMENT OF THE BASIS OF APPELLATE JURISDICTION . . . . . . . .  1

STATEMENT OF THE ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE APPLICABLE STANDARD FOR REVIEW . . . . . .  1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

      A.  Nature of the Case and Proceedings Below . . . . . . . . . . . . . . . . . .  2

      B.  Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT

          Summary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

        POINT I

        THE BANKRUPTCY COURT ERRED IN HOLDING
        THAT THE LIEN OF DAIMLERCHRYSLER FINANCIAL
        IMPAIRS THE DEBTOR'S HOMESTEAD EXEMPTION . . . . . . . . .  5

        POINT II

        THE FRESH START GUARANTEED BY 11 U.S.C.
        § 524 IS NOT OFFENDED BY THE FACT THAT
        DAIMLERCHRYSLER FINANCIAL'S LIEN IS
        UAVOIDABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

i

# TABLE OF CASES AND AUTHORITIES

Page

### *CASES*

*In re AroChem Corp.*. 176 F.3d 610, 620 (2d Cir. 1999) . . . . . . . . . . . . . . . . .    1

*In re Brantz*, 106 B.R. 62.68 (Bankr. E.D. Pa. 1989). . . . . . . . . . . . . . . . . . . .    7

*Cf. Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct.
     914, 918 59 L.Ed.2d 136 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

*In re Chabot,* 922 F.2d 891 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

*Johnson v. First Nat'l Bank*, 719 F.2d 270, 274 (8th Cir.1983),
     cert.denied, 465 U.S. 1012 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984) . . . . . . . .    9

*In re O'Brien*, 318 B.R. 258 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . .    1

*In re Pepper*, 210 B.R. 480 (Bankr. D. Co. 1997) . . . . . . . . . . . . . . . . . . . . . . .    6

*Quackenbush v. Allstate Inc. Co.*, 517 U.S. 706, 712 (1996) . . . . . . . . . . . . . .    1

*In re Thomsen*, 181 B.R. 1013, 1016 (Bankr. MD. Ga. 1995) . . . . . . . . . . . . .    6, 7

*Wrenn v. Am. Cast Iron Pipe Co.*, 40 F.3d 1162 (11th Cir. 1994) . . . . . . . . .    6, 9

### *STATUTES, RULES AND OTHER AUTHORITIES*

11 U.S.C. § 522(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3, 4, 6, 7

11 U.S.C. § 524 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8, 9

28 U.S.C. § 157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

28 U.S.C. § 158(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

C.P.L.R. § 5206(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 5

Fed. R. Bankr. P. 8002(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

Fed. R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

Pursuant to 28 U.S.C. §158(a)(1), the district court has jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges entered in cases referred to bankruptcy judges under 28 U.S.C. § 157.   This appeal is from a final order of a judge of the U.S. Bankruptcy Court for the Southern District of New York, denying appellant DaimlerChrysler Financial Services Americas LLC (hereinafter "DaimlerChrysler Financial"), objection to the Motion to Avoid Judicial Lien by Diane H. Kennedy, debtor (the "Debtor").

The notice of appeal was timely filed on March 20, 2008, within ten (10) days of entry of the order appealed from.   Fed. R. Bankr. P. 8002(a).   The Order being appealed herein is a final order on the merits and the District Court maintains jurisdiction to hear bankruptcy appeals.   28 U.S.C. § 158(a)(1); *Quackenbush v. Allstate Inc. Co.*, 517 U.S. 706, 712 (1996).

## STATEMENT OF THE ISSUE PRESENTED

Did the Bankruptcy Court err in determining that 11 U.S.C. § 522(f) permits a debtor to avoid a judgment lien when the debtor's homestead exemption is not impaired by the judgment lien?

## STATEMENT OF THE APPLICABLE STANDARD FOR REVIEW

The bankruptcy judge's conclusions of law are subject to *de novo* review on appeal, and the district court may thus substitute its own legal conclusions for those of the bankruptcy court. Bankruptcy Rule 8013.   *In re O'Brien*, 318 B.R. 258 (S.D.N.Y. 2004); *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999).   There is no factual dispute in this case.

1

# STATEMENT OF THE CASE

### A.    Nature of the Case and Proceedings Below

This is a case under Chapter 7 of the Bankruptcy Code, filed by the Debtor on April 19, 2007, in the United States Bankruptcy Court for the Southern District of New York, Poughkeepsie Division. The case was converted from one under Chapter 13 to this Chapter 7 on August 7, 2007.

The Debtor filed the *Motion To Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f)* (the "Motion") on December 5, 2007, seeking to avoid the judicial lien of DaimlerChrysler Financial against and on 28 Kenilworth Lane, Warwick, New York (the "Residence"). DaimlerChrysler Financial filed a Response to the Motion on January 30, 2008. Both parties filed numerous Memorandum of Law in support of and in opposition to the Motion. DaimlerChrysler Financial asserts that upon a showing by the Debtor that the first mortgage and homestead exemption are unimpaired by a judgment lien, section 522(f) of the United States Bankruptcy Code (the "Bankruptcy Code") may not be utilized to bifurcate that judgment and the judgment is unavoidable. The Bankruptcy Court adopted the Debtor's reasoning that she could modify the judgment into an amount equal to the equity above her mortgage and homestead exemption.

On March 11, 2008, the Bankruptcy Court held a hearing on the Motion and related pleadings. On March 13, 2008, Bankruptcy Judge Morris issued an Order denying DaimlerChrysler Financial's objection and approving the Motion (Bankruptcy Court Docket No. 76). DaimlerChrysler Financial filed its Notice of Appeal on March 20, 2008 (Bankruptcy Court Docket No. 77).

### B.    Statement of Facts

DaimlerChrysler Financial was and is a limited liability company duly organized, chartered and existing under the laws of the State of Michigan, with its principal place of business at 27777 Inkster Road, Farmington Hills, (Oakland County), Michigan 48334. By virtue of the underlying United States District Court action 1:06-CV-0155 (LEK/DRH) DaimlerChrysler Financial holds a judgment against the Debtor in the amount of $1,054,474.31 in principle; total interest in the amount of $90,355.32; costs of $250.00 and a per diem interest of $279.86.

The Debtor owns real property located at 28 Kenilworth Lane, Warwick, New York.[1] As sole owner of the Residence the Debtor possess all legal and equitable interest in the Residence. The Debtor filed the Motion, which sought to utilize section 522(f) of the Bankruptcy Code to bifurcate the judgment lien of DaimlerChrysler Financial into a secured lien and unsecured debt.

### ARGUMENT

### Summary

Section 522(f)(1) of the Bankruptcy Code provides that a debtor "may avoid the fixing of a lien on an interest of the debtor in property **to the extent that such lien impairs an exemption to which the Debtor would have been entitled**" [emphasis added]. As the Debtor correctly explains in her February 11, 2008 Memorandum, the bankruptcy court cases are replete with instances where debtors avoid judicial liens. (p.5) However, in nearly all of the cases cited by the Debtor, there was no equity in the debtor's property above the mortgage, let alone above the debtor's homestead exemption. For clarity, in New York the owner of real property is entitled to a homestead exemption of $50,000.00, pursuant to C.P.L.R. § 5206(a), which funds are exempt

---

[1] The Debtor attempted to transfer half of her interest her residence in November 2006. The deed was defective and no transfer occurred.

from application to the satisfaction of a money judgment. Thus, in circumstances where the lien clearly impairs a debtor's homestead exemption due to the lack of equity in the property, the lien is avoided. The avoidance of a judicial lien is a routine event in the bankruptcy courts when no equity exists.

However, in this case, the debtor possesses significant equity in the Residence, even after the theoretical mathematical reduction in equity of the value that would be necessary to satisfy the existing mortgage and her statutory homestead exemption. DaimlerChrysler Financial respectfully submits that its perfected security interest on the Residence, in the form of its judicially approved lien, attaches to the Residence because unencumbered, unexempt equity exists in the Residence.

DaimlerChrysler Financial further submits that the plain meaning of section 522(f) of the Bankruptcy Code dictates that DaimlerChrysler Financial is the party, as a perfected lien holder, that is entitled to any post discharge appreciation of the Residence. Therefore, the lien is not avoidable under section 522(f) of the Bankruptcy Code.

Section 522(f)(1) of the Bankruptcy Code specifically sets forth that a lien may only be avoided if it impairs a debtor's homestead exemption. By the Debtor's own admissions, the value of the Residence exceeds the mortgage and the homestead exemption. Thus, the lien does impair the homestead exemption and may not be avoided. The Debtor should not receive a windfall in the form of the avoidance of the lien where her homestead exemption is not impaired.

The decision below is in error. This Court is urged to reverse it.

### POINT I

### THE BANKRUPTCY COURT ERRED IN HOLDING
### THAT THE LIEN OF DAIMLERCHRYSLER FINANCIAL
### IMPAIRS THE DEBTOR'S HOMESTEAD EXEMPTION

This dispute revolves around the issue of whether DaimlerChrysler Financial's judicial lien impairs the Debtor's homestead exemption. It does not. This fact is not based on any convoluted legal theory or attempt to judicially alter the intent of Congress when it drafted the Bankruptcy Code. Rather, the fact that the lien does not impair the debtor's homestead exemption is based upon the Debtor's own admissions in her bankruptcy petition, the Motion and simple mathematics.

In Schedule A to her bankruptcy petition, the Debtor swore that the fair market value of the residence was $450,000.00 on the date the voluntary petition was filed. World Savings maintains a first mortgage on the property and filed Proof of Claim No. 7 on July 9, 2007, asserting a secured claim of $387,697.90. Thus, there was $62,302.10 in equity in the Residence when the fair market value of the home is reduced by the amount that would be necessary to satisfy World Savings in full.

The Debtor is entitled to a $50,000.00 homestead exemption pursuant to C.P.L.R. § 5206(a). If the statutory exemption is deducted from the $62,302.10 in equity, there still remains $12,302.10 of unencumbered, unexempt equity in the Residence. Therefore, the statute specifically says that the lien may not be avoided since the lien does not impair the Debtor's homestead exemption.

Several courts have addressed the issue of whether a lien may be avoided in situations where equity still exists after superior liens and a homestead exemption have theoretically been satisfied in full, and those courts rejected the notion that the lien could be avoided. The court in

*In re Pepper*, 210 B.R. 480, 484-5 (Bankr. D. Col. 1995) addressed this issue. The *Pepper* court, holding that a judgment lien could only be avoided if it impairs a homestead exemption and remanding the matter to the bankruptcy court for an evidentiary hearing on the valuation of the property, held:

> Viewing the amendments to section 522(f) in light of the legislative record, the Court can reach only one conclusion. It appears that the intent [of Congress] was to seek to freeze the relative rights of the debtor and the creditors as of the date of the filing of the petition. On that date the debtor puts all of his nonexempt property on the table. If there is value in the homestead property in excess of senior encumbrances and the exemption, **the creditors get the benefit of that value.** [emphasis added].

The Eleventh Circuit addressed this issue in *Wrenn v. Am. Cast Iron Pipe Co.*, 40 F.3d 1162 (11th Cir. 1994) when it denied a debtor's motion to avoid a judicial lien. The debtor in *Wrenn* sought to avoid a judicial lien in its entirety; however, unexempt equity existed in his property, thus making the lien unavoidable to the extent it did not impair the homestead exemption. The *Wrenn* court held that:

> The plain meaning of the language of § 522(f) limits its lien avoidance to the value of the exemption provided in § 522(b). *Id.* at 895. Furthermore, it concluded that applying the plain meaning of the statute gave any post discharge appreciation to the lienholder, and that this result was consistent with *Dewsnup* . . . We agree with and adopt the Chabot court's reasoning. Applying it to *Wrenn's* case, we conclude that § 522(f) entitles *Wrenn* to avoid ACIPCO's lien only to the extent of the $5,000 Alabama homestead exemption.

*Id.* at 1166 (citing *In re Chabot*, 922 F.2d 891 (9th Cir. 1993)).

In 1994 Congress amended the Bankruptcy Code to provide a debtor with the ability to avoid a judicial lien even where there was no equity in the real property to support even a homestead exemption. 11 U.S.C. § 522(f)(3). Faced with the amended Bankruptcy Code, the

court in *In re Thomsen*, 181 B.R. 1013 (Bankr. M.D. Ga. 1995) held that a judicial lien can only be avoided when it impairs a homestead exemption. The Court stated "Congress has now specified that judicial liens may be avoided in their entirety if they do not attach to value in excess of the total of prior consensual liens and exemption claim." *Id*. at 1016. DaimlerChrysler Financial's lien attaches to value and is thus unavoidable.

The *Thomsen* court went on further to describe the mathematical calculation which is necessary to determine if sufficient equity exists to render a lien unavoidable. The *Thomsen* court explained:

> Section 522(f)(2)(A) is a mathematical calculation. However, the formula ultimately adopted by Congress differs in structure from the one used in the *Brantz* case, which Congress intended to codify. The *Brantz* court stated the formula as follows:
>
> 1. Determine the value of the property on which a judicial lien is sought to be avoided.
>
> 2. Deduct the amount of all liens not to be avoided from (1).
>
> 3. Deduct the Debtor's allowable exemptions from (2).
>
> 4. Avoidance of all judicial liens results unless (3) is a positive figure.
>
> 5. If (3) does not result in a positive figure, do not allow avoidance of liens, in order of priority, to that extent only (emphasis added [by *Brantz* court]).
>
> The formula adopted by Congress is similar to the formula used by the *Brantz* court if the language of section 522(f)(2)(A) 'impair an exemption to the extent that" is read in conjunction with step 5 as stated above.

*Thomsen*, 181 B.R. at 1016. (citing *In re Brantz*, 106 B.R. 62, 68 (Bankr. E.D. Pa. 1989)).

In our case, applying the mathematical calculation set by Congress and *Brantz*, we can see that equity exists in the Residence and as such, DaimlerChrysler Financial's lien may not be avoided by the Debtor.  The calculation is as follows:

| <u>Test Requirement</u> | <u>Fact</u> |
|---|---|
| 1.  Determine Value of Property[2] | $450,000.00 |
| 2.  Deduct amount of liens<br>not to be avoided | -  387,697.00<br>62,302.10 |
| 3.  Deduct Debtor's homestead<br>exemption | -  50,000.00<br>12,302.10 |
| 4.  Avoid lien unless test 3 is<br>a positive number | N/A |
| 5.  If test 3 is positive figure,<br>do not allow avoidance of liens | There is positive amount<br>of $12,302.10 in equity,<br>do **not** avoid liens. |

It is clear that the Debtor has $12,302.10 in equity in the Residence that is not subject to a consensual lien or her homestead exemption.   As a result, DaimlerChrysler Financial's lien cannot be avoided.  It is for this reason that the bankruptcy court erred and DaimlerChrysler Financial filed this appeal.

## POINT II

### THE FRESH START GUARANTEED BY<br>11 U.S.C. § 524 IS NOT OFFENDED BY<br>THE FACT THAT DAIMLERCHRYSLER<br><u>FINANCIAL'S LIEN IS UNAVOIDABLE</u>

The Debtor, in her February 11, 2008, Memorandum of Law argued, *inter alia,* that allowing the lien to remain attached to the residence would offend the "fresh start" guaranteed by a discharge pursuant to section 524 of the Bankruptcy Code (p. 16).  This is simply not so.  The

---

[2] The Debtor has produced an appraisal of the Residence. DaimlerChrysler Financial has not sought to appraise the Residence as any indication of equity secures the judgment lien.

debtor in Wrenn also argued that equitable extensions of bankruptcy law were necessary to protect a "fresh start", which argument was rejected.  Specifically, *Wrenn* argued that the lien secured against his property should be avoided, even though there was unattached, unexempt equity in the property, because if the lien was not avoided, any future appreciation of the property would vest to the lien holder.  The Wrenn Court held that  the lien was unavoidable, holding:

> *Wrenn* may be correct that he is denied the benefit of a fresh start in this respect.  However, he does not point to any Bankruptcy Code embodiment of the fresh start principle that permits or requires avoidance of the lien.
>
> However important the fresh start may be as a justification for the rights debtors enjoy under the Code, by itself it cannot disturb state-law property rights.  *Cf. Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914. 918 59 L.Ed.2d 136 (1979); *Johnson v. First Nat'l Bank*, 719 F.2d 270, 274 (8th Cir.1983), cert. denied, 465 U.S. 1012 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984) both rejecting arguments for equitable extensions of bankruptcy law beyond specific Code provisions).
>
> As we concluded above, ACIOCO's lien remains valid.  Without an explicit fresh start section of the Bankruptcy Code to invalidate it, the lien is valid even if its existence violates the fresh start principle.  We therefore conclude that the fresh start principle is not an adequate basis for avoiding the judicial lien.

*Wrenn*, 40 F.3d at 1166.

The Debtor failed to satisfy the requirements of section 522 of the Bankruptcy Code to avoid a lien since the Residence possesses unencumbered unexempt equity.  Furthermore, she has no equitable remedy to extend the provisions of a fresh start as a reason to avoid liens.  The Debtor has not established that DaimlerChrysler Financial's lien is avoidable and respectfully the Order of the Bankruptcy Court should be overturned.

## <u>CONCLUSION</u>

For the reasons stated, DaimlerChrysler Financial respectfully urges the Court to reverse the Bankruptcy Court's order denying DaimlerChrysler Financial's objection to the Debtor's Motion to Avoid Judicial Lien, with the directions to the Bankruptcy Court that DaimlerChrysler Financial's judicial lien is unavoidable due to the unencumbered and unexempt equity that exists in the Debtor's Residence.

DATED:  April 24, 2008
        Albany, New York

                                     Leigh A. Hoffman, Esq.
                                     Scott T. Dillon, Esq.
                                     DEILY, MOONEY & GLASTETTER, LLP
                                     Attorneys for DaimlerChrysler
                                     Financial Services Americas LLC
                                     8 Thurlow Terrace
                                     Albany, New York 12203-1006
                                     Tel.:  (518) 436-0344
                                     Fax:  (518) 436-8273
                                     e-mail:  lhoffman@deilylawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:                                                          Chapter 7

      DIANE H. KENNEDY,                      Bankruptcy Court
                                                  Case No. 07-35532 (CGM)

                  Debtor.

_____

DAIMLERCHRYSLER FINANCIAL                          District Court Civil Docket
SERVICES AMERICAS LLC,                             Case No. 08-cv-03414 (CLB)

                      Appellant,

    -against-

DIANE H. KENNEDY,

                     Appellee.

_____

## PLAINTIFF'S RULE 7.1 DISCLOSURE STATEMENT

     NOW COMES Plaintiff, DaimlerChrysler Financial Services Americas LLC, by and

through its undersigned counsel, who hereby makes this disclosure statement, pursuant to Fed. R.

Civ. P. 7.1(a), as follows:

     DaimlerChrysler Financial Services Americas LLC is a wholly-owned subsidiary of

FinCo Intermediate HoldCo, LLC, which is a wholly-owned subsidiary of Chrysler Holding,

LLC.  Daimler AG (formerly Daimler Chrysler AG), NYSE Symbol DAI, owns (through

intermediaries) more than 10% of Chrysler Holding, LLC.

Dated: _April 24 2008_
       Albany, New York

                                         Respectfully submitted,

                                         Leigh A. Hoffman, Esq.

                                         DEILY, MOONEY & GLASTETTER, LLP
                                         Attorneys for Plaintiff, DaimlerChrysler
                                           Financial Services Americas LLC
                                         8 Thurlow Terrace
                                         Albany, NY 12203
                                       Ph (518) 436-0344
                                       Fax (518) 436-8273
                                       e-mail: lhoffman@deilylawfirm.com