s:\appeal\Kennedy.brief(522(f))

GENOVA & MALIN
Attorneys for Appellee
Hampton Business Center
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In Re:

   DIANE H. KENNEDY,      Bankruptcy Court
                 Case No. 07-35532(CGM)
                 (Chapter 7)
     Debtor.
-------------------------------------------------------x
DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

     Appellant,       District Court
                 Civil Docket
   - against -         Case No. 08-cv-03414(CLB)

DIANE H. KENNEDY,

     Appellee.
-------------------------------------------------------x

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**BRIEF FOR DEBTOR-APPELLEE**

---

                GENOVA & MALIN
                Attorneys for Debtors-Appellee

         By:  /s/ Andrea B. Malin
            ANDREA B. MALIN, ESQ. (AM4424)
            1136 Route 9
            Wappingers Falls NY 12590
            (845) 298-1600

GENOVA & MALIN
Attorneys for Appellee
Hampton Business Center
1136 Route 9
Wappingers Falls NY 12590
(845) 298-1600
Thomas Genova (TG4706)
Andrea B. Malin (AM4424)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re:

    DIANE H. KENNEDY,

            Debtor.

Bankruptcy Court
Case No. 07-35532(CGM)
(Chapter 7)

---------------------------------------------------------x
DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

          Appellant,

- against -

DIANE H. KENNEDY,

          Appellee.

District Court
Civil Docket
Case No. 08-cv-03414(CLB)

---------------------------------------------------------x

## APPELLEE'S BRIEF

### PRELIMINARY STATEMENT

This brief is submitted on behalf of the Debtor-Appellee, DIANE H. KENNEDY, in opposition to the Appellant's, DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC'S ("DAIMLER"), appeal from the holding of the United States Bankruptcy Court, Southern District of New York, Poughkeepsie, New York, entered on March 13, 2008, partially avoiding the judgment lien held by DAIMLER to the extent the lien impaired the debtor's homestead exemption, pursuant to 11 U.S.C. §522(f).

### JURISDICTION STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(a) and 157.

**ISSUE PRESENTED**

Did the United States Bankruptcy Court err in its holding which partially avoided the judgment lien held by DAIMLER to the extent the judgment lien impaired the debtor's homestead exemption, pursuant to 11 U.S.C. §522(f)?

**STANDARD OF REVIEW**

In reviewing ruling of the United States Bankruptcy Court, Southern District of New York, Poughkeepsie Division's ruling the standard for this Court is de novo review.

**STATEMENT OF THE CASE**

The Appellant, DAIMLER, is appealing from the Decision and Order of the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"), rendered by the United States Bankruptcy Court on March 13, 2008, granting debtor's Motion to Avoid the Judgment Lien held by DAIMLER to the extent that the judgment lien impaired the debtor's homestead exemption, pursuant to 11 U.S.C. §522(f).

The debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 19, 2007. Said case was converted to Chapter 7 on August 7, 2007. On the date of the filing of the case, the debtor was and remains the sole owner and resides at certain real property located at 28 Kenilworth Lane, Warwick, New York 10990.

On or about April 2, 2007, Gordon Ross Webb performed an appraisal on said property, which he determined to have a fair market value as of the date of the filing of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00). At the time of the filing of the petition herein, said property was encumbered by a first mortgage held by WORLD SAVINGS BANK which has a principal balance of THREE HUNDRED EIGHTY-SEVEN THOUSAND SIX HUNDRED NINETY-SEVEN DOLLARS AND NINETY CENTS ($387,697.90). At the time of the filing of the petition herein, said property was encumbered by a pre-petition judgment held by DAIMLER-CHRYSLER FINANCIAL SERVICES AMERICAS, LLC filed on October 19, 2006 in the sum of ONE MILLION ONE HUNDRED FORTY-FIVE THOUSAND THREE HUNDRED FIFTY-NINE DOLLARS AND

FORTY-NINE CENTS ($1,145,359.49).

On December 5, 2007, the debtor filed a Motion to Avoid Lien pursuant to 11 U.S.C. §522(f). On January 31, 2008, DAIMLER filed a Response to the Debtor's Motion to Avoid Lien, pursuant to 11 U.S.C. §522(f). On February 1, 2008, the debtor filed a Memorandum of Law in support of the Debtor's Motion. On February 4, 2008, DAIMLER filed a Memorandum of Law in Opposition to the Debtor's Motion. On February 5, 2008, the parties appeared before the United States Bankruptcy Court on the debtor's Motion and the creditor's opposition thereto. A hearing was held and adjourned to March 11, 2008, to provide to the parties an opportunity to further brief the issue for the United States Bankruptcy Court. On February 14, 2008, the debtor filed a second Memorandum of Law in Support of the Motion to Avoid Lien. On February 26, 2008, DAIMLER filed an additional Memorandum of Law in Opposition to the Motion to Avoid Lien. On February 26, 2008, the debtor filed a Reply Memorandum of Law to that filed by DAIMLER on February 26, 2008.

After the United States Bankruptcy Court provided to each of the parties a full and fair opportunity to submit memorandum and supplemental memorandum in favor of their legal positions, the Court conducted a hearing on the Motion on March 11, 2008. After careful and lengthy consideration of the issue by the Bankruptcy Judge Cecelia G. Morris, the Court ruled in favor of the debtor. The Bankruptcy Court's decision was read into the Court Record on March 11, 2008 and the Order Granting Debtor's Motion to Avoid the Lien held by DAIMLER was entered on March 13, 2008.

On March 20, 2008, DAIMLER filed its Notice of Appeal. On March 26, 2008, The Designation of Content and Issues on Appeal was filed and a Counter Designation for inclusion In the Record on Appeal was filed by the debtor on April 4, 2008. On April 28, 2008, the debtor was served with DAIMLER'S Appeal Brief. On May 9, 2008, the debtor filed and served its Appeal Brief on the Appellant, DAIMLER.

## STATEMENT OF FACTS

The debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy

Code on April 19, 2007. Said case was converted to Chapter 7 on August 7, 2007.

The debtor is the sole owner and resides at certain real property located at 28 Kenilworth Lane, Warwick, New York 10990. This fact is undisputed by the respondent.

On or about April 2, 2007, an appraisal was performed on the debtor's real property, which determined it to have a fair market value of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00). This fact is undisputed by the respondent.

At the time of the filing of the petition herein, said property was encumbered by a first mortgage held by WORLD SAVINGS BANK which had a principal balance of THREE HUNDRED EIGHTY-SEVEN THOUSAND SIX HUNDRED NINETY-SEVEN DOLLARS AND NINETY CENTS ($387,697.90). This fact is undisputed by the respondent.

At the time of the filing of the petition herein, said property was encumbered by a pre-petition judgment held by respondent, filed on October 19, 2006, in the sum of ONE MILLION ONE HUNDRED FORTY-FIVE THOUSAND THREE HUNDRED FIFTY-NINE DOLLARS AND FORTY-NINE CENTS ($1,145,359.49). This default judgment resulted from monies alleged to be due and owing from the operations of Ellenville Chrysler and this debtor's personal guarantee thereof. This fact is undisputed by the respondent.

The debtor has equity in her property in the sum of SIXTY-TWO THOUSAND THREE HUNDRED TWO DOLLARS AND TEN CENTS ($62,302.10).[1] This fact is also undisputed by the respondent.

It is undisputed that the debtor is entitled to a Homestead Exemption in the amount of FIFTY THOUSAND DOLLARS ($50,000.00), pursuant to 11 U.S.C. §522 and N.Y. C.P.L.R. §5206(a).

On January 30, 2008, the respondent filed opposition to the debtor's Motion upon the following grounds:

---

[1] Determined by subtracting the mortgage amount from the value of the home ($450,000.00 - $387,697.90 = $62,302.10).

4

1. As there exists equity in the real property over the exemptible amount of $50,000.00, Section 522(f) of the United States Bankruptcy Code may not be employed by the debtor to avoid the lien to the extent of $1,133,057.39.

On March 11, 2008, the United States Bankruptcy Court conducted a hearing on debtor's Motion at which both parties were in attendance. At the hearing, the Court concluded that as the first mortgage is an unavoidable encumbrance totaling the sum of THREE HUNDRED EIGHTY-SEVEN THOUSAND SIX HUNDRED NINETY-SEVEN DOLLARS AND NINETY CENTS ($387,697.90), in the real property above noted and said real property had a fair market value of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00), the judicial lien of DAIMLER-CHRYSLER FINANCIAL SERVICES AMERICAS, LLC, impaired the exemption of which the debtor was entitled pursuant to Civil Practice Law and Rules §5206 and Debtor and Creditor Law Article 282, to the extent of $1,133,057.39 and was thus avoided to that extent allowing a lien in the sum of $12,302.10 remaining against the debtor's residence. After careful and lengthy consideration of the issue by the Bankruptcy Judge Cecelia G. Morris, the Court ruled in favor of the debtor. The Bankruptcy Court's decision was read into the Court Record on March 11, 2008 and the Order Granting Debtor's Motion to Avoid the Lien held by DAIMLER was entered on March 13, 2008.

On March 20, 2008, DAIMLER filed its Notice of Appeal. On March 26, 2008, The Designation of Content and Issues on Appeal was filed and a Counter Designation for inclusion In the Record on Appeal was filed by the debtor on April 4, 2008. On April 28, 2008, the debtor was served with DAIMLER'S Appeal Brief. On May 9, 2008, the debtor filed and served its Appeal Brief on the Appellant, DAIMLER.

**SUMMARY**

The Appellant, DAIMLER, is appealing from the Order of the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court"), entered after a decision on said Motion was rendered by the United States Bankruptcy Court on March 11, 2008,

partially avoiding the lien held by DAIMLER as against the debtor's residence pursuant to 11 U.S.C. §522(f). The crux of DAIMLER'S argument is that the Bankruptcy Court misapplied the law by partially avoiding the lien to the extent same exceeded the equity in the debtor's residence and finding that the debtor, and not the creditor, was entitled to the appreciation of the real property.

The debtor will address the Appellant's argument for reversal of the decision of the United States Bankruptcy Court, Southern District of New York, Poughkeepsie Division, as set forth herein under Point I of the debtor/Appellee's Brief.

## ARGUMENT

## POINT I

**THE BANKRUPTCY COURT DID NOT ERR IN ITS INTERPRETATION AND APPLICATION OF SECTION 522(f) OF THE UNITED STATES BANKRUPTCY CODE BY AVOIDING THE LIEN HELD BY DAIMLER TO THE EXTENT SAME IMPAIRED THE DEBTOR'S HOMESTEAD EXEMPTION**

The United States Bankruptcy Court properly interpreted and applied the law in this matter by the entry of an Order Avoiding the Lien held by DAIMLER as it impaired the debtor's homestead exemption, and it is the debtor, not the creditor, that is entitled to the increase in appreciation of the property post-discharge under the present statutory scheme clearly outlined in 11 U.S.C. §522(f). 11 U.S.C. §522(f)(1) & (2); In re Thomsen, 181 B.R. 1013 (B.Ct. M.D. Ga. 1995); In re Pepper, 210 B.R. 480 (B.Ct. D.Colo. 1997); In re Judson, 18 CBN 186 (B.Ct. D.Me. 2007); In re Levinson, 372 B.R. 582 (B.Ct. E.D.N.Y. 2007); In re Wilding, 475 F.3d 428 (1st Cir.2007), In re Bradley, 369 B.R. 147 (B.Ct.S.D.N.Y. 2007), In re Pacheco, 342 B.R. 352 (B.Ct. D.N.M. 2006), In re Salanoa, 263 B.R. 120, 123 (B.Ct. S.D.Cal .2001)); In re Newell, 311 B.R. 268, (B.Ct. D.Co. 2004) (citing In re Pepper, 210 B.R. 480 (B.Ct. .Colo.1997)); In re Kolich, 273 B.R. 199 (8th Cir. BAPPPP 2002), aff'd, 328 F.3d 406 (8th Cir. 2003); Timothy D. Moratzka, Do the Math! Avoidance of Judicial Liens Under §522(f), 21-10 ABIJ 12 (December 2002/January 2003). It is patently clear that the application of the "bright line

formula" set forth in 11 U.S.C. §522(f)(1) and §522(f)(2) for the avoidance of judicial liens impairing debtor's exemptions mandates a finding in the instant case that the lien held by the respondent herein is void to the extent of $1,133,057.39. Id.

The debtor may employ Section 522(f) of the United States Bankruptcy Code ("Code") to avoid the judicial lien filed against her real property. The Bankruptcy Code, as well as settled case law, and the myriad of decisions entered throughout the Southern District of New York and the Country have clearly established that a debtor may partially avoid a pre-petition judicial lien to the **extent to which** that judicial lien impairs the debtor's homestead exemption under N.Y. C.P.L.R. §5206 and 11 U.S.C. §522. In this regard, Section 522(f)(1) of the Code states, in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in the property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -
>
> (A) a judicial lien....

Section 522(f)(2) of the Code clarifies and adds:

> For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>
> (I) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The first step in applying Section 522(f) is to determine the value of the debtor's real property, the value of unavoidable liens in priority position to the judgment lien and the value of the debtor's exemption under 11 U.S.C. §522(a). 11 U.S.C. §522(f). For the purpose of the Motion which is the basis for this appeal, the value of the real property, unavoidable liens, the judgment lien of respondent and debtor's exemption is determined upon the date the petition was filed. In re Judson, supra. (See also Legislative Comment to 11 U.S.C. §522(f)). As it is well settled that

"exempt property is valued as of the petition date for purposes of determining whether a judgment lien impairs the exemption." In re Judson, 18 CBN 186 (B.Ct. D.Me. 2007). "11 U.S.C. §522(a) defines 'value' for purposes of §522 as 'fair market value as of the ***date of filing of the petition***... .' Accordingly, the petition date has been held to be the operative date for all §522(f) determinations, including determinations regarding the value of the debtor's property and the value of the liens." In re Levinson, 372 B.R. 582, 586 (B.Ct. E.D.N.Y. 2007) (citing In re Wilding, 475 F.3d 428, 432 (1st Cir.2007), In re Bradley, 369 B.R. 147, 151-152 (B.Ct.S.D.N.Y. 2007), In re Pacheco, 342 B.R. 352, 357 (B.Ct. D.N.M. 2006), In re Salanoa, 263 B.R. 120, 123 (B.Ct. S.D.Cal .2001)). The "Bankruptcy statute providing for avoidance of certain liens on 'exemption impairment' grounds is meant to freeze relative rights of debtor and lien creditors as of date of filing of bankruptcy petition." In re Newell, 311 B.R. 268, 268 (B.Ct. D.Co. 2004). ***"[T]he lien avoidance pursuant to §522(f) is permanent, and the lien cannot attach to any future appreciation in the value or the equity in the property claimed as exempt."*** Timothy D. Moratzka, Do the Math! Avoidance of Judicial Liens Under §522(f), 21-10 ABIJ 12 (December 2002/January 2003) [emphasis added].

        Legislative history clearly states that "the purpose of §522(f) is to protect a debtor's exemption, his discharge and his fresh start by permitting him to avoid a judicial lien on any property to the extent that the property could have been exempt in the absence of the lien." In re Levinson, 372 B.R. at 586 (citing S.Rep. No. 95-989, at 76, (1978)).(emphasis added). "An expressed purpose of Congress in enacting section 522(f)'s avoidance provision was to prevent unsecured creditors from bypassing exemptions simply by converting their claims into judicial liens and obtaining security interests in otherwise exempt property." Nelson v. Scala, 192 F.3d 32, 34 (1st Cir. 1999) (citing H.R.Rep. No. 95-595, 126-27 (1977)).

        "When first enacted, §522(f) did not define *when* a judicial lien impairs an exemption. In 1994, Congress added §522(f)(2)(A), a definition of what constitutes impairment of an exemption, in order to resolve the conflicting judicial interpretations which had arisen under the prior law." In re Newell, 311 B.R. at 270 (B.Ct. D.Co. 2004) (citing H.Rep. No. 835, 103rd Cong., 2d Sess. 52-54 (1994)). Prior to the 1994 amendments there existed no consensus amongst the

8

federal courts, and three lines of opinions on the definitions of impairment arose. Although the majority of courts held that a portion of a judgment lien could survive to extent equity existed above the amount of the debtor's exemption, a minority opinion held that a judicial lien was void in its entirety even if there was equity in the property upon which it could partially attach and the 11th Circuit had adopted a "carve-out approach". Id. In an attempt to clarify its intent with regard to the application of Section 522(f), Congress amended the law to implement a "bright line" mathematical equation for the purpose of aiding courts in determining how much or to what extent the lien in question was to be avoided and stricken from the exempt property. Congress added Section 522(f)(2)(A) which provides that:

> For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -
>
> (I) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

"Under §522(f)(2)(A) the question of 'impairment' is to be determined by a purely mathematical, 'bright line' formula...." In re Newell, Supra. at 270 (citing In re Pepper, 210 B.R. 480 (B.Ct. .Colo.1997)); In re Kolich, 273 B.R. 199 (8th Cir. BAPPPP 2002), aff'd, 328 F.3d 406 (8th Cir. 2003).

> The 'bright line' formula to be employed:
>
> 1. Determine the value of the property upon which the judicial lien is sought to be avoided.
>
> 2. Deduct the amount of all liens not to be avoided from (1).
>
> 3. Deduct the debtor's allowable exemptions from (2).
>
> 4. Avoid all judicial liens to the extent same exceed the positive figure resulting from (2).

Timothy D. Moratzka, Are Windfalls Part of a Fresh Start? Avoidance of Judicial Liens Under 11 U.S.C. §522(f), 21-4 ABIJ 12 (May 2002). Additionally,

> [B]y its terms, §522(f)(1) permits avoidance of the fixing of a lien "to
> the extent" that the lien impairs an exemption.  It would seem to follow
> that if part of a lien impairs an exemption, and an additional part does
> not impair the exemption, only the portion of the lien that impairs the
> exemption should be avoidable.  For example, assume a debtor owns
> an asset with a value of $10,000.  Assume further that the debtor is
> entitled to exempt up to $4,000 of that asset, and that the asset is
> subject to a lien with a face value of $11,000.  In that circumstance,...
> §522(f)(1) would permit avoidance only of the first $4,000 of the lien;
> and that the remaining $6,000 of the asset would remain subject to the
> lien.  That is the result reached by a majority of the cases that address this issue.

M. Holleran, et al, *Bankruptcy Code*, ¶522.6.7 text accompanying notes e-g (West's Bankruptcy Series 2005-2006 ).

Applying the above formulas to the instant case results in the following calculation:

1. The value of the debtor's property upon which the judicial lien is sought to be avoided.   $450,000.00
2. Less the amount of all liens (the mortgage) not to be avoided from (1).   -387,697.90
   62,302.10
3. Deduct the debtor's allowable exemptions from (2).   - 50,000.00
   12,302.10*
4. Avoid all judicial liens to the extent same exceed the positive figure.   (positive)

* The sum of $12,302.10 of the asset would remain subject to respondent's lien, the remainder of the lien in the sum of $1,133,057.39 is avoided.[2]

Furthermore, not only may a debtor employ the statute to avoid a judgment for the purpose of protecting actual exempt equity in the real property, a debtor may even employ this section to avoid a judicial lien in the situation where no equity exists.  140 Cong. Rec. H. 10,764 (daily ed. October 4, 1994), Floor Statement of Rep. Brooks regarding Title I, Section 303 of Pub. L. 103-394 (the "Bankruptcy Reform Act of 1994"); H.J. Sommer, et al., *Consumer Bankruptcy Law and Practice* (National Consumer Law Center 5th ed. 1996 and Supp. 1999), citing In re Higgins, 201 B.R. 965 (B.A.P. 9th Cir. 1996); In re McQueen, 196 B.R. 31 (E.D.N.C. 1995); In re Thomsen,

---

[2] In addition, looking at a liquidation analysis, if the debtor's home was sold for the stated value of $450,000.00; first the mortgage would be paid in the sum of $387,697.90 and then the Homestead Exemption of $50,000.00 would go to the debtor leaving a balance of $12,302.10 to go to the respondent.  Id.  There are no further funds that could go to the respondent because there are no funds left after the liquidation.  Id.

181 B.R. 1013 (B.Ct. M.D. Ga. 1995). Thus, in the situation where the calculation results in zero exemptible equity, the lien may be avoided in its entirety.

Moreover, since the 1994 amendments, the Southern District of New York has embraced this statutory scheme together with the Country. In re Bradley, 369 B.R. 147, 151-152 (B.Ct. S.D.N.Y. 2007); In re Guerin, (B.Ct. S.D.N.Y. 07-35630); In re Oliva, (B.Ct. S.D.N.Y. 07-35841); In re Cooley, (B.Ct. S.D.N.Y. 07-35917); In re Cotton, (B.Ct. S.D.N.Y. 07-36160); In re Oliva, (B.Ct. S.D.N.Y. 07-36706); In re Brownell, (B.Ct. S.D.N.Y. 05-382810; In re Dunham, (B.Ct. S.D.N.Y. 06-35907); In re Muyot, (B.Ct. S.D.N.Y. 06-36131); In re Berge, (B.Ct. S.D.N.Y. 06-22411); In re Walton, (B.Ct. S.D.N.Y. 07-35237).[3]

Upon a comprehensive review of the Brief submitted by DAIMLER in this appeal, it appears that its argument for denying debtor's request to employ the mandates of 11 U.S.C. §522(f) is as follows:

The debtor's Motion should be denied as DAIMLER **desires** to maintain its judgment lien in its entirety as against the debtor's real property to enable it to obtain the benefit of future appreciation in the value thereof, regardless of the existence of 11 U.S.C. §522(f). In other words, DAIMLER seeks to have this Court adopt the "carve-out" doctrine endorsed by the 11th Circuit which has since been expressly overruled by Congresses 1994 amendment to the section.

In an effort to support its misguided view of the statute as stated above, DAIMLER places its sole reliance upon the cases of In re Thompsen, supra., In re Pepper, supra. and In re Wrenn, 40 F3d 1162 (11th Cir. 1994).[4]

---

[3] This is a small sampling of the cases in this Court and the whole of the Southern District of New York in which Section 522(f) Orders have been granted.

[4] It is interesting to note that DAIMLER has abandoned its reliance on the case of In re Silveria, 141 F.3d 34 (1st Cir. 1998) cited by it before the Bankruptcy Court once it was demonstrated to the Court that this case, as it is with all the cases it cites before this Court supports the debtor's position and not DAIMLER'S. DAIMLER employed this case to stand for the proposition that courts have in the past reached differing results when applying the bright line formula for determining the extent to which a judicial lien impairs a debtor's exemption and thus, it is assumed, this Court may apply any standard it chooses. However, DAIMLER failed to

11

First, the pre-amendment case of In re Wrenn, supra. decided by the 11th Circuit is cited by DAIMLER to support its proposition. Pursuant to Wrenn, the "carve-out" doctrine applied in situations where there existed equity in the real property greater than the debtor's statutory exemption. In such a case, the creditor would be permitted to retain its lien and obtain the benefit of post-discharge appreciation in the real property. Thus, should the property be sold in the future, the debtor would be permitted to first "carve-out" his exempt amount from the proceeds and then the creditor would receive all equity that exceed the exemption as of the date of the sale. Id. Shortly after the ruling in this case, Congress amended Section 522(f) for the express purpose of bringing clarity to the statutory scheme by providing a clear an unambiguous definition of the term "impairment" and to finally bring an end to the lack of federal court consensus as to the definition as intended by Congress. In re Thompsen, supra.

> As stated clearly by the Thompsen, supra.:
>
> > On October 22, 1994, the provisions of the Bankruptcy Reform Act of 1994 ("Reform Act") became effective.... Debtors' case, having been filed after that date, is subject to the Reform Act rather than the Bankruptcy Code as it existed when the ... Wrenn case was decided [sic]... The Reform Act altered section 522(f) providing the definition of "impairment" which has previously lacked consensus in federal courts. Section 522(f) now provides in pertinent part:

---

advise the Bankruptcy Court that this case, as does all of the other case law on the issue, wholly supports the debtor's conclusion. The Silveira Court applied §522(f)(1) and (2) to the facts of the case as follows:

| | |
|---|---|
| Bank's judicial lien was $209,500 | |
| Fair Market Value of Debtor's Home: | $157,000.00 |
| Less: Voluntary mortgage lien: | 117,000.00 |
| Homestead Exemption: | 15,000.00 |
| Total Equity Remaining | $24,320.00 |

Based upon this mathematical analysis this court held that the Bank's judicial lien impaired the debtor's exemption to the extent of $185,180. Accordingly, the debtor was permitted to avoid the Bank's lien to the extent of $185,180.00 leaving the lien against the property to the extent of $24,320.00 (the extent to which the homestead exemption was not impaired).

Id. at 38.

>(2)(A)  For the purpose of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>
>>(I) the lien;
>>
>>(ii) all other liens on the property ; and
>>
>>(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.  (The basis of the "bright line test" annunciated early herein.)
>
>The definition of impairment contained in section 522(f)(2)(A) was designed to codify *In re Brantz,* 106 B.R. 62 (Bankr.E.D.Pa. 1989) which was cited with approval by the United States Supreme Court in the case of *Owen v. Owen,* 500 U.S. 305... (1991).  In approving the *Brantz* decision, Congress explicitly considered and rejected the approach of the *Chabot* decision which was relied upon by the Eleventh Circuit in *Wrenn*. HR Rep. 103-834, 103rd Cong., 2nd Sess. 35-37 (Oct. 4, 1994).  Therefore, consistent with the result reached in *Ward*, Congress has now specified that judicial liens may be avoided in their entirety if they do not attache to value in excess of the total of prior consensual liens and exemption claims....
>
>The formulas used by Congress and the *Brantz* court differ in form.  Both formulas call for ***partial avoidance of a lien in some cases using the fair market value of the property as a benchmark.***  The goal of each formula is to determine the existence of equity in property above consensual liens plus exemptions, and avoid a judicial lien if no such equity exists.  A debtor's ability to enjoy the future appreciation of property is endorsed by the legislative history of section 522(f)(2)(A) if all equity in the property is consumed by consensual liens and claims of exemption.  A judicial lien will not be avoided if equity remains above the consensual liens plus claims of exemption, but rather will be subject to some kind of partial avoidance.
>
>The new 522 now seems to serve a dual function.  The lien avoidance provisions of Section 522(f)(2)(A)) are similar to the lien stripping provisions of Section 506.  This is because Congress has chosen to include in the definition of impairment the interference with the enjoyment of future appreciation in property.  Exemptions are considered to include both the present case value as well as the right to enjoy future appreciation.

Id. at 1016-1017.

Accordingly, the Thompsen case clearly supports the debtor's position and the United States Bankruptcy Court's decision in the instant case, and not the proposition espoused by

13

DAIMLER.

Lastly, the creditor cites <u>In re Pepper,</u> 210 B.R. 480 (B.Ct. D.Colo. 1997) for its interpretation of the word "impairs."  However, it is unintelligible as to why the creditor cites this case which clearly reiterates with exacting clarity the law relied upon by the debtor which has been the law in the Country for some 30 plus years.  In deciding this very issue and permitting the partial avoidance of a judicial lien,  the Court in <u>Pepper</u> stated:

> Viewing the amendments to section 522(f) in light of the legislative record, the Court can reach only once conclusion . ***<u>It appears that the intent was to seek to freeze the relative rights of the debtor and the creditors as of the day of the filing of the petition . On that date the debtor puts all of his nonexempt property on the table.  If there is value in the homestead property in excess of senior encumbrances and the exemption, the creditors get the benefit of that value.  A judgment lien would be recognized to that limited extent and voided ot the extent there is no value to support the lien.  The debtor would exit bankruptcy free of any judgment liens except to the extent they are supported by equity in excess of the homestead, thereby assuring that the debtor will reap the benefit of any future increase in the value (or increase in equity created by the pay down of an existing senior voluntary encumbrance).</u>***
> [emphasis added].

<u>Id.</u> at 485.

Thus, <u>Pepper</u>, <u>supra</u>. is also inapposite to DAIMLER'S proposition and, in fact, squarely supports a finding by the United States Bankruptcy Court that its lien is avoided to the extent urged by the debtor.  DAIMLER has sorely failed to present <u>any</u> case law, legal theory, or factual circumstances upon which this Court could base a decision to reverse the United State Bankruptcy Court's decision.  Surely creditor's argument that it wants this Court to ignore 30 years of law and negate Section §522(f)(1) and (2) of the United States Bankruptcy Code, a proposition squarely rejected by the United States Bankruptcy Court because it does not like the result thereof, is simply untenable.  Surely, this debtor deserves appropriate application of the law and the ability to realize a "fresh start."

Accordingly, the determination made by the United States Bankruptcy Court, that Section 522(f) permits the partial avoidance of the lien held by DAIMLER and freezes the valuation of same as of the date of the filing of the debtor's petition is an accurate and just interpretation of

the statute.

## **CONCLUSION**

For all of the foregoing reasons, this Court should affirm the Order entered on March 13, 2008 by the United States Bankruptcy Court, Southern District of New York, Poughkeepsie Division; and grant to the debtor such other and further relief as this Court deems proper.

Dated:  Wappingers Falls, New York
       May 6, 2008

                                        GENOVA & MALIN
                                        Attorneys for Debtor/Appellee

                             By:  /s/ Andrea B. Malin
                                   ANDREA B. MALIN (AM4464)
                                   Hampton Business Center
                                   1136 Route 9
                                   Wappingers Falls, NY 12590
                                   (845) 298-160015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

  DIANE H. KENNEDY,

    Debtor.
--------------------------------------------------------x
DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS LLC,

    Appellant,

 - against -

DIANE H. KENNEDY,

    Appellee.
--------------------------------------------------------x
STATE OF NEW YORK )
        )ss.:
COUNTY OF DUTCHESS )

Bankruptcy Court
Case No. 07-35532(CGM)
(Chapter 7)

District Court
Civil Docket
Case No. 08-cv-03414(CLB)

 I, Leah Madera, being sworn, say:

 I am not a party to this action, am over 21 years of age and reside in Poughkeepsie, New York.

 On May 9, 2008, I served a copy of <u>Debtor/Appellee's Brief</u> by mailing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service in New York State, addressed to each of the following persons at their last known address as set forth after each name:

| | |
|---|---|
| DEILY, MOONEY & GLASTETTER<br>8 Thurlow Terrace<br>Albany, NY 12203<br>Attn: Leigh Hoffman, Esq. | Diane N. Kennedy<br>28 Kenilworth Lane<br>Warwick, New York 10990 |

          /s/ Leah Madera
         LEAH MADERA

Sworn to before me
this 9th day of May, 2008.

/s/ Elke R. Terwilliger
Elke R. Terwilliger
Notary Public, State of New York
Qualified in Ulster County
Commission Expires May 31, 2010