UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | Chapter 7 |
|     DIANE H. KENNEDY, | Bankruptcy Court<br>Case No. 07-35532 (CGM) |
|                       Debtor. | |
| DAIMLERCHRYSLER FINANCIAL<br>SERVICES AMERICAS LLC, | District Court Civil Docket<br>Case No. 08-cv-03414 (CLB) |
|                       Appellant, | |
|     -against- | |
| DIANE H. KENNEDY, | |
|                       Appellee. | |

_____

# REPLY BRIEF OF APPELLANT, DAIMLERCHRYSLER FINANCIAL SERVICES AMERICAS LLC

 

**Deily, Mooney & Glastetter, LLP**
**Attorneys for DaimlerChrysler Financial**
**Services Americas LLC**
**8 Thurlow Terrace**
**Albany, New York  12203**
**Ph.  (518) 436-0344**
**Fax  (518) 436-8273**

## **TABLE OF CONTENTS**

**Page No.**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1-6

    I.    THERE IS NO AUTHORITY UNDER
          SECTION 522 TO BIFURCATE A JUDICIAL LIEN . . . . .   1-5

    II.   THE FAIR MARKET VALUE OF THE RESIDENCE . . . . .   5, 6
          IS DISPUTED

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 7

# TABLE OF CASES AND AUTHORITIES

Page

## *CASES*

*Bell v. Bell (In re Bell)*, 225 F.3d 203 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . .    4, 5

*Dewsnup v. Timm*, 502 U.S. 410 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 3

*Midlantic Nat. Bank v. N.J. Dept. of Envtl. Prot.*, 474 U.S. 494, 505 (1986) . . . . . .    5

*In Re Newell,* 311 B.R. 268 (Bankr. D. Co. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

*Nobelman v. AM. Sav. Bank*, 508 U.S. 324 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 4

*In re Pond,* 252 F.3d 122 (2d. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

*U.S. v. Smith*, 499 U.S. 160, 167 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

## *STATUTES, RULES AND OTHER AUTHORITIES*

11 U.S.C. § 341  . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

11 U.S.C. § 506(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3, 4

11 U.S.C. § 506(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

11 U.S.C. § 522  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1-7

11 U.S.C. § 554 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

11 U.S.C. § 1322(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2, 4

Appellant, DaimlerChrysler Financial Services Americas LLC (hereinafter "DaimlerChrysler Financial") submits this Reply Brief in response to the Brief of the Appellee, Diane H. Kennedy ("Debtor").

## INTRODUCTION

The Debtor's argument in support of the decision below is essentially that the decision is in harmony with those cases that are consistent with *In re Newell*, 311 B.R. 268 (Bankr. D. Co. 2004) and that case's premise that a debtor may bifurcate a valid judicial lien into two separate claims pursuant to Section 522 of the United States Bankruptcy Code (the "Bankruptcy Code"). Under this theory, a judicial lien on a debtor's primary residence may be split into an allowed secured claim only in the amount equal to the unencumbered, non-exempt value of the home, and an allowed unsecured nonpriority claim in an amount equal to the remainder of the lien.

DaimlerChrysler Financial respectfully submits that this argument is incorrect and is based on an erroneous statutory construction and interpretation of Section 522. The Debtor's arguments are insufficient to demonstrate that the decision below is the correct interpretation of the law as Section 522 does contain any bifurcation authority. DaimlerChrysler Financial respectfully submits that strict application of the provisions of Section 522 of the Bankruptcy Code mandates that the decision below be overturned as having been entered in error.

## ARGUMENT

### I. THERE IS NO AUTHORITY UNDER SECTION 522 OF THE BANKRUPTCY CODE TO BIFURCATE A JUDICIAL LIEN

The Debtor argues that Appellant's judicial lien claim should be split into two claims: a secured claim equal to the amount of equity in the real property that is unencumbered and unexempt, and an unsecured nonpriority claim in the amount of lien remaining which claim did not attach to the real property due to lack of now-existing equity. Section 522 of the Bankruptcy

1

Code is utterly and conspicuously silent as to such bifurcation. This Court should not grant the Debtor a windfall by bifurcating DaimlerChrysler Financial's lien to, in effect, reduce the judgment. Congress did not draft Section 522 to allow the bifurcation of judicial liens under Section 522 of the Bankruptcy Code, and accordingly, the Debtor should not be granted such a right.

Congress knows exactly how to draft a statute to provide a debtor with the right to bifurcate a secured claim. For example, Section 1322(b)(2) of the Bankruptcy Code provides that a plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." Under the provisions of Section 1322(b)(2), a debtor may bifurcate some types of secured claims and may modify terms such as the amount of payments on the claim, the timing of payments and finance charges, unless the creditor holds a mortgage that is specifically protected from modification by the Bankruptcy Code. *See, e.g,. In re Pond*, 252 F.3d 122 (2d. Cir. 2001).

Thus, it is clear that Congress can draft a statute allowing a debtor to bifurcate a secured claim because Congress provided that exact right to debtors in Section 1322(b)(2) of the Bankruptcy Code. However, Section 522 of the Bankruptcy Code does not provide the debtor with this power.

The Supreme Court addressed a very similar issue to the one in this case when a debtor attempted to "strip down" a lien on real property pursuant to Section 506(d) of the Bankruptcy Code. *Dewsnup v. Timm*, 502 U.S. 410 (1992). The *Dewsnup* Court refused to allow the debtor to bifurcate the lien to allow a secured claim only in an amount equal to the judicially determined value of the collateral, holding that:

> The practical effect of petitioner's argument is to freeze the creditor's secured interest at the judicially determined valuation. By this approach,

2

> the creditor would lose the benefit of any increase in the value of the property by the time of the foreclosure sale. The increase would accrue to the benefit of the debtor, a result some of the parties describe as a "windfall."
>
> We think, however, that the creditor's lien stays with the real property until the foreclosure sale … Any increase over the judicially determined valuation during the bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor.

*Dewsnup*, 502 U.S. at 417.

The *Dewsnup* Court further held that it was reluctant to grant debtors new rights relating to secured claimants without that authority having been expressly set forth in the Bankruptcy Code. *Id*. at 419-20.

Section 522 of the Bankruptcy Code is neither vague nor ambiguous. Lien bifurcation or lien "strip down" are not mentioned anywhere in Section. As the Supreme Court itself has stated, this Court should not "grant the debtor a broad new remedy" by allowing her to bifurcate the judicial lien of DaimlerChrysler Financial to one secured claim and one unsecured claim. *Dewsnup*, 502 U.S. at 420. This remedy is simply not available to the Debtor under Section 522. Accordingly and similarly, any increase in equity in the Residence should rightly accrue to DaimlerChrysler Financial on account of its valid, unavoidable judicial lien.

Similarly, the Supreme Court, in *Nobelman v. Am. Sav. Bank*, 508 U.S. 324 (1993), addressed the bifurcation of secured claims when a debtor attempted to treat the "undersecured" portion of a secured mortgage claim as an unsecured nonpriority claim in his Chapter 13 Plan, which claims were not eligible for distribution under the proposed Plan. The debtor in *Nobelman* was attempting to circumvent the non-bifurcation protections afforded a mortgagee pursuant to Section 1322(b)(2) of the Bankruptcy Code by requiring the Court to contemporaneously incorporate Section 506(a) of the Bankruptcy Code to determine the extent of the security. *Id*.

3

The debtor argued that a mortgage claim is only a secured claim to the extent of the judicially determined value of the property it can attach to and that to the extent the claim exceeds the value of the property, it is an unsecured claim pursuant to Section 506(a) of the Bankruptcy Code. *Nobelman*, 508 U.S. at 328. The *Nobelman* Court refused to allow the debtor to bifurcate the secured claim where no such right existed under the Code, holding that:

> [T]o give effect to § 506(a)'s valuation and bifurcation of secured claims through a Chapter 13 plan in the manner petitioners propose would require a modification of the rights of the holder of the security interest. Section 1322(b)(2) prohibits such a modification where, as here, the lender's claim is secured only by a lien on the debtor's principal residence.

*Nobelman*, 508 U.S. at 332.

Similarly, in *Bell v. Bell (In re Bell)*, 225 F.3d 203 (2d Cir. 2000), a case involving the statutory interpretation of another section of the Bankruptcy Code, the Second Circuit refused to create rights not specifically granted by statute. In *Bell* the Chapter 11 case was converted to a Chapter 7 case and the Chapter 7 Trustee filed objections to certain property the debtor claimed as exempt, which the Debtor opposed based upon the expiration of the statute of limitations. *Id*. at 203-4. The Trustee argued that she was entitled to a second exemption objection deadline pursuant to Section 341 of the Bankruptcy Code based on the conversion of the case to Chapter 7. *Id*. The *Bell* Court held that the Trustee was not entitled to relief not provided for under the Bankruptcy Code, finding that:

> Congress knew how to draft precisely the language necessary to apply a general administrative rule (Section 341) … we cannot regard it as accidental or unintentional that Congress omitted Section 341 from its precisely drafted list of circumstances as to which triggers a new date for the order for relief. Unable to point to a provision that supports her position, the Appellee implicitly asks us to redraft the Code to include a provision that is conspicuously absent, it would be inappropriate to do so.

*Bell*, 225 F.3d at 214. *See, U.S. v. Smith*, 499 U.S. 160, 167 (1991) ("where Congress explicitly enumerates certain exceptions … additional exceptions are not to be implied"); *See, also, Midlantic Nat. Bank v. N.J. Dept. of Envtl. Prot.*, 474 U.S. 494, 513 (1986) (Court refusing to allow Chapter 7 Trustee to abandon estate property polluted with toxic waste pursuant to Section 554 of the Bankruptcy Code, which would have been in violation of state environmental protection laws, holding that "Congress knew how to draft an exception covering the exercise of 'certain' police powers when it wanted to").

Section 522 of the Bankruptcy Code is completely silent as to providing a debtor the right and ability to bifurcate a judicial lien. Furthermore, Section 522 does not incorporate by reference any other section of the Bankruptcy Code which would grant a debtor the right to bifurcate a judicial lien. As the *Nobelman* and *Bell* decisions make clear, courts are discouraged from judicially altering a statute to extend or provide parties new rights that are not specifically granted by the language of the statute. *See*, case cited *supra*. This Court should not look past the clear, unambiguous language of Section 522. Congress did not provide the Debtor with the authority in Section 522 to bifurcate the judicial lien of DaimlerChrysler Financial.

## II. <u>THE FAIR MARKET VALUE OF THE RESIDENCE IS DISPUTED</u>

To bolster her argument that the amount of DaimlerChrysler Financial's lien that remains attached as a secured claim against the Residence is approximately $12,302.10, Debtor states that the Residence has "a fair market value of FOUR HUNDRED FIFTY THOUSAND and 00/100 ($450,000.00). This fact is undisputed by the Respondent [Appellant]." (Brief of the Debtor-Appellee, p. 4). This contention is both inaccurate and misleading.

On March 11, 2008, counsel for DaimlerChrysler Financial appeared at the hearing before the Bankruptcy Court on the Motion and related pleadings. On the record,

5

DaimlerChrysler Financial specifically reserved its right to seek a judicial determination of the true market value of the Residence at a future date should the Bankruptcy Court grant the Debtor's Motion, which reservation the Bankruptcy Court acknowledged.

Furthermore, DaimlerChrysler Financial, in footnote 2 to its Brief (p. 8), advised that it had not yet sought an appraisal. This is solely due to the fact that it is DaimlerChrysler Financial's position that Section 522 of the Bankruptcy Code simply does not allow a debtor to bifurcate a judicial lien where unencumbered, unexempt equity exists, in any amount. Thus, any evidence of unencumbered, unexempt equity is sufficient for a lienholder to establish that its judicial lien is unavoidable under Section.

Notwithstanding DaimlerChrysler Financial's interpretation of the clear language of Section 522 of the Bankruptcy Code, DaimlerChrysler Financial has specifically reserved its right to seek a judicial determination by the Bankruptcy Court (or higher Court if appropriate) of the true market value of the Debtor's Residence if it should become necessary.

## **CONCLUSION**

The Bankruptcy Court's decision below can only stand if Section 522 of the Bankruptcy Code expressly provides a debtor with the authority to bifurcate a judicial lien into two (2) separate claims, one (1) secured claim, and one (1) unsecured nonpriority claim. It does not, because Congress did not provide that authority.

Thus, for the reasons stated, DaimlerChrysler Financial respectfully urges the Court to reverse the Bankruptcy Court's order denying DaimlerChrysler Financial's objection to the Debtor's Motion to Avoid Judicial Lien, with the directions to the Bankruptcy Court that

DaimlerChrysler Financial's judicial lien is unavoidable due to the unencumbered and unexempt equity that exists in the Debtor's Residence.

DATED: Albany, New York
        May 19, 2008                       //Scott T. Dillon
                                            Leigh A. Hoffman, Esq.
                                            Scott T. Dillon, Esq.
                                            DEILY, MOONEY & GLASTETTER, LLP
                                            Attorneys for Appellant, DaimlerChrysler Financial
                                               Services Americas LLC
                                            8 Thurlow Terrace
                                            Albany, New York 12203
                                            Tel.:   (518) 436-0344
                                            Fax:   (518) 436-8273
                                            E-mail:  lhoffman@deilylawfirm.com
                                            E-mail:  sdillon@deilylawfirm.com